## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES TATE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16−cv−1385−NJR** |
| | ) | |
| LIEUTENANT LAWLESS, | ) | |
| C/O PORTER, | ) | |
| D WALLA, | ) | |
| C/O HILLER, | ) | |
| SARGENT HOMAYA, | ) | |
| C/O KING, | ) | |
| C/O MARTIN, | ) | |
| NURSE LAURY, | ) | |
| and BETTY SPILLER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff James Tate, an inmate at Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims that while he was incarcerated at Pinckneyville Correctional Center, he was unjustifiably attacked by several defendants. (Doc. 1). He also claims that medical treatment of the injuries he sustained in the attack was inexplicably delayed by the defendants. (Doc. 1).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations:  on October 27, 2015, Plaintiff was attacked in his cell by Lawless, Homaya, King, Porter, Hiller, and Walla. (Doc. 1, p. 6-7). During the attack, Lawless rushed at Plaintiff, struck him with a closed fist, and slammed Plaintiff into the back of his cell. *Id.* Homaya, King, Porter, Hiller, and Walla rushed in on Plaintiff as well, and when Plaintiff balled up, they slammed him onto his bed and struck him repeatedly with their hands and knees. (Doc. 1, p. 7). Walla and Hiller then took turns kicking Plaintiff in his back as Plaintiff cried and screamed for them to stop. *Id.* During the "45 [minute] beat down," Plaintiff was put in hand cuffs while the officers beat him on his face and whole body. *Id.* The officers then carried Plaintiff to another cell because he was unable to walk properly. (Doc. 1, p. 8).

2

Once in the cell, which had a cement slab for a bed, Plaintiff was told to lay down face first and not move. *Id.* Plaintiff complied with the order and asked for medical treatment multiple times. *Id.* The officers denied to seek treatment for the wounds Plaintiff sustained in the attack despite his requests. *Id.* Plaintiff remained on the cement slab for some time before he was visited by Martin, from whom Plaintiff again requested medical attention. *Id.* Martin responded that he would advise Nurse Laury to see him during her 4:00 am rounds and told Plaintiff to be quiet in the meantime. (Doc. 1, p. 9). When Laury conducted her rounds, she passed Plaintiff by despite his need for medical attention. *Id.* Plaintiff did not call out to her because he was afraid. *Id.* Plaintiff remained on the slab with his injuries untreated until 8:00am when he heard internal affairs was in the building. *Id.* He shouted to them, and Spiller, a major, and internal affairs officers Lin and Furlow came to Plaintiff, asked him what happened, took photographs of his injuries, and took him to medical where he was treated for bruises and broken bones. *Id.* Plaintiff requests monetary damages from the defendants, as well as permanent injunctive relief to "prevent future harm to Plaintiff" by the defendants. (Doc. 1, p. 10).

## <u>Discussion</u>

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1 –**   Lawless, Homaya, Walla, Porter, King, and Hiller used excessive force on Plaintiff in violation of the Eighth Amendment's prohibition against cruel and unusual punishment when they assaulted Plaintiff on October 27, 2015.

**Count 2 –**   Defendants showed deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment by refusing to arrange for treatment of the injuries he sustained from the attack that occurred on October 27, 2015.

3

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has sufficiently alleged that he was assaulted by Lawless, Homaya, Walla, Porter, King, and Hiller without penological justification. (Doc. 1, pp. 6-7). Count 1 will therefore proceed against Lawless, Homaya, Walla, Porter, King, and Hiller.

## Count 2

Although Lawless, Homaya, Walla, Porter, King, and Hiller are not medical providers, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). Thus, the defendants who perpetrated the assault, and then allegedly prevented Plaintiff from getting immediate medical attention for his injuries, may be

4

found liable for deliberate indifference to Plaintiff's need for medical care. Plaintiff claims he requested medical care for his injuries and none of the defendants who attacked him arranged for it. (Doc. 1, p. 8). Therefore, Plaintiff's claim against Lawless, Homaya, Walla, Porter, King, and Hiller in Count 2 cannot be dismissed.

As to the other defendants, prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of an inmate. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). To establish deliberate indifference to a medical condition, a prisoner must show a condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component). *Id.* Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things. *Id.*

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369. Additionally, a reasonable response differs depending on the capacity of the alleged wrongdoer. A non-medical prison employee—one who for example handles grievances, or supervises prison operations—will generally not be liable for deliberate indifference if he or she believes the prisoner is receiving adequate medical care, or takes steps to verify that the

inmate is receiving care. *See Greeno v. Daley*, 414 F.3d 645, 655-57 (7th Cir. 2005). Individual liability may arise on behalf of a non-medical defendant, however, if the defendant is made aware of a specific constitutional violation via correspondence from the inmate and the individual declines to take any action to address the situation. *See Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). Simply put, a prison official may not escape liability by turning a blind eye to serious harms. *Id.* at 781 ("deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or 'turns a blind eye' to it").

Plaintiff claims he could not walk properly after the attack and that he was ultimately treated for bruises and broken bones from the beating he sustained. (Doc. 1, pp. 8-9). Plaintiff's alleged injuries are thus sufficient to satisfy the objective component of the deliberate indifference inquiry. As to the subjective component, Plaintiff claims that he spoke with Martin about his need for immediate medical attention due to the assault, and despite Martin's promise to direct Nurse Laury to see to Plaintiff's needs on her next set of rounds, Laury did not stop to treat Plaintiff. (Doc. 1, p. 9). It would seem that either Martin failed to inform Laury of Plaintiff's needs to ensure his care, Martin told Laury to care for Plaintiff but she chose not to treat him, or both Martin and Laury were aware of Plaintiff's needs and agreed to not see to his treatment. At this stage, it cannot be determined which scenario took place and whose fault it was that Plaintiff's treatment was further delayed. Therefore, Plaintiff's claims under Count 2 against Martin and Laury will survive.

Finally, Plaintiff also seeks to hold Spiller liable for the wrongs alleged. With respect to his deliberate indifference to medical needs claim, the allegations in the Complaint indicate that Spiller reasonably responded to Plaintiff's need for medical care and took steps to ensure he was

treated within minutes of hearing Plaintiff's cries for help and discussing the incident with Plaintiff. (*See* Doc. 1, p. 9). Count 2 will therefore not proceed as against Spiller.

If Plaintiff instead seeks to hold Spiller liable for the harms alleged under Count 1 or Count 2 merely based on her supervisory position as warden, he cannot succeed. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff does not claim Spiller was personally responsible for the attack, nor does he adequately allege Spiller was deliberately indifferent to his medical needs, so any claim Plaintiff seeks to bring against Spiller in her individual capacity must fail.

Spiller, in her official capacity as Warden of Pinckneyville, would have been the appropriate defendant for Plaintiff's request for a permanent injunction had Plaintiff remained at Pinckneyville. *See Gonzalez v. Feinerman*, 663 F.3d 315 (7th Cir.2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out). The fact that Plaintiff is currently incarcerated at Pontiac Correctional Center, however, dictates that Plaintiff's request for an injunction to protect him from the defendants at Pinckneyville is moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a

realistic possibility that he would again be incarcerated at Pinckneyville under the conditions described in the Complaint, would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009)). Because he has failed to do so, and has otherwise failed to state a claim against Spiller, she will be dismissed from this action.

### Pending Motions

Plaintiff has filed a Motion to Appoint of Counsel (Doc. 3), which is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision.

Plaintiff has also filed a Motion for Status Update, which is **DENIED** as moot, as this Order provides the status of this action.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **LAWLESS**, **HOMAYA**, **WALLA**, **PORTER**, **KING**, and **HILLER**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **LAWLESS**, **HOMAYA**, **WALLA**, **PORTER**, **KING**, **HILLER**, **MARTIN**, and **LAURY**.

**IT IS FURTHER ORDERED** that **SPILLER** shall be **DISMISSED** without prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **LAWLESS**, **HOMAYA**, **WALLA**, **PORTER**, **KING**, **HILLER**, **MARTIN**, and **LAURY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of

Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including a decision on Plaintiff's Motion to Recruit Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:  March 3, 2017**

                                                  _____
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**