IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES TATE,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:16-cv-01385-NJR-DGW |
| **LIEUTENANT LAWLESS, C/O PORTER, D WALLA, C/O HILLER, SARGENT HOMAYA, C/O KING, and C/O MARTIN,** | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge**

Pending before the Court is Plaintiff's Motion to Compel Discovery (Doc. 57). For the reasons set forth below, the motion is **DENIED AS MOOT.**

### ANALYSIS

On December 29, 2017, Tate filed the pending Motion to Compel (Doc. 57) stating that he had sent Defendants the following discovery requests, but had received no response: a Motion for Production of Document and a set of Interrogatories on November 12, 2017; a Request for Admission on November 26, 2017.

On January 28, 2017, the Court Ordered Defendants to file a Notice by January 25, 2018 detailing what discovery requests they have received from Plaintiff, the dates those requests were received, whether they had fully responded to each discovery request, any discovery that remains outstanding and a date by which Defendants would provide any outstanding discovery (Doc. 62). Defendants filed a timely Notice, in which they stated the following:

1. Defendants forwarded initial disclosures to the Plaintiff on September 6, 2017. The initial disclosures consisted of three hundred forty nine pages of records of

the plaintiff including grievances, disciplinary records, counselor notes and medical records.

2. Defendants' response to Plaintiff's Interrogatories and Request for Production of Documents was sent on January 25, 2018.

3. While Defendants received a Request for Admissions on December 4, 2017, that document was not filed with the Court. Subsequently, the same Request for Admissions was filed with the Court on December 29, 2017. According to the Notice, Defendants' Responses to the Requests for Admissions was scheduled to be forwarded to Plaintiff on January 26, 2018.

## ANALYSIS

Federal Rules of Civil Procedure 33(b), 34(b)(2) and 36(a)(4) require a party to answer or object to interrogatories, requests for production of documents and requests for admissions within thirty days. Assuming Defendants forwarded their response to the Request for Admissions on January 26, 2018, as indicated in the Notice, that response would have been timely. The same cannot be said for the Interrogatories and Request for Production of Documents. The parties quibble a bit about when those documents were actually sent; regardless, it is clear that Defendants did not respond to Interrogatories or Request for Production of Documents within the thirty day deadline. Defendants did, however, ultimately respond to the discovery requests. Since it appears Tate's motion that the relief he is requesting is for the Court to compel disclosure of the missing discovery, that objective has been accomplished without the Court's intervention. The Motion to Compel Discovery is therefore **DENIED as moot.**

**SO ORDERED.**

**DATED: January 29, 2018**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**